PS 8 Revised 07
MD/TN Revised 05/11

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. _____David D Brown_____   Docket No. _0650 3:11CR00051 - 1_

### Petition for Action on Conditions of Pretrial Release

COMES NOW _____Lisa A. Capps_____, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant _____David D Brown_____ who was placed under pretrial release supervision by the Honorable Joe B. Brown sitting in the Court at _Nashville, Tennessee_, on _March 7, 2011_, under the following conditions: Please reference the attached Order Setting Conditions of Release

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document

I declare under penalty of perjury that the foregoing is true and correct.

| Lisa A. Capps | Nashville, TN | June 19, 2012 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event: **Sentencing Hearing** — July 13, 2012
Event — Date

---

### PETITIONING THE COURT

- ☐ No Action
- ☐ To Issue a Warrant
- ☒ To issue an order setting a hearing on the petition
- ☐ Other

---

THE COURT ORDERS:
- ☐ No Action
- ☐ The Issuance of a Warrant.
    - ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshals only)
- ☐ A Hearing on the Petition is set for _____ Date _____ Time
- ☒ Other — This matter is referred to Magistrate Judge Brown for a hearing.

Considered and ordered this __19__ day of __June__, __2012__, and ordered filed and made a part of the records in the above case.

_Todd Campbell_
Honorable Todd J. Campbell
Chief U. S. District Judge

Honorable Todd J. Campbell
Chief U.S. District Judge
Petition for Action on
David Darnell Brown
Case No. 3:11-CR-00051-01
June 19, 2012

Mr. Brown appeared before U.S. Magistrate Judge Joe B. Brown for an Initial Appearance on March 7, 2011, and was released on a $100,000 bond with pretrial supervision and special conditions. On May 25, 2011, a violation petition was submitted to Judge Brown alleging the defendant failed to submit a monthly pretrial services report for March 2011, failed to submit verification of income and falsified the response regarding questioning by law enforcement regarding traffic stops in Covington, Georgia, on April 10, 2011, and in Clarksville, Indiana, on April 28, 2011. The Court directed that the defendant be cautioned any further traffic citations would result in a hearing.

A second violation petition was submitted to Magistrate Judge Brown on October 26, 2011, reporting that Mr. Brown submitted a urine screen on October 12, 2011, which tested positive for synthetic marijuana. Mr. Brown admitted using synthetic marijuana within the three or four days prior to the submission of the urine screen. The defendant was admonished that use of synthetic marijuana was illegal and he was not to use it again. No action was taken by Judge Brown; however, the Court advised that any further violations would result in a hearing.

Another violation petition was submitted to U.S. Magistrate Judge Joe B. Brown on February 24, 2012, alleging Mr. Brown failed to report for a urine screen on January 23, 2012, and on January 27, 2012, submitted a urine screen which tested positive for synthetic marijuana. A bond revocation hearing was set for March 27, 2012. On March 22, 2012, a joint motion was filed with the Court to cancel the revocation hearing that was scheduled for March 27, 2012, as the parties did not feel revocation was necessary at that time. Judge Brown granted the motion on March 26, 2012.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

The purpose of this fourth violation petition is to report additional non-compliance committed by this defendant.

**VIOLATION(S):**

**Violation No. 1: The defendant shall submit to substance abuse testing:** On June 13, 2012, the defendant submitted a urine screen which tested positive for synthetic marijuana.

**Violation No. 2: The defendant shall participate in an outpatient or inpatient substance abuse counseling program as directed by Pretrial Services with any inpatient to be followed by 90 days in a halfway house:** The defendant was terminated unsuccessfully from outpatient substance abuse treatment at Centerstone, Madison, Tennessee, on May 6, 2012.

Honorable Todd J. Campbell
Chief U.S. District Judge
Petition for Action on
David Darnell Brown
Case No. 3:11-CR-00051-01
June 19, 2012

**Current Status of Case:**

The instant federal prosecution is currently set for sentencing on July 13, 2012.

**Probation Officer Action:**

As a result of Mr. Brown's drug use, he was referred to Centerstone for a drug assessment. The drug assessment was completed on December 7, 2011, and it was recommended he participate in outpatient drug counseling. Mr. Brown began group counseling on January 5, 2012.

On April 26, 2012, this officer received information that the defendant had been involved in an incident at Centerstone when he arrived for group counseling on April 25, 2012. This officer met with Mr. Brown's counselor, Jennifer Reeves, on April 26, 2012, and she advised that during group the previous night, Benjamin Squire, another member of the group, was not feeling comfortable and was acting very nervous and erratic. As a result, she escorted Mr. Squire from the group and he advised her that he had smoked synthetic marijuana in the parking lot prior to the group session that night. In addition, he stated that David Brown provided the synthetic marijuana to him and that he was sitting in Mr. Brown's vehicle while smoking the synthetic marijuana.

Mr. Brown was subsequently called into the Probation Office that same day and during a meeting with myself and Supervisory U.S. Probation Officer (SUSPO) Burton Putman, he denied providing synthetic marijuana to Benjamin Squire. Mr. Brown reported that when he arrived for group counseling on April 25, 2012, he was sitting in his truck with another individual, when Mr. Squire came over to the truck and was smoking a cigarette. Mr. Brown stated that Mr. Squire never smoked synthetic marijuana in his presence and was never in Brown's vehicle. Mr. Brown was asked to provide a urine screen that day, which tested negative for any illicit substances.

SUSPO Putman and myself also spoke with Benjamin Squire that same day and, at that time, Mr. Squire indicated he did not obtain the synthetic marijuana from Mr. Brown and he (Brown) did not smoke any. However, he stated that Mr. Brown allowed him to sit in his truck while he smoked the marijuana.

3

Honorable Todd J. Campbell
Chief U.S. District Judge
Petition for Action on
David Darnell Brown
Case No. 3:11-CR-00051-01
June 19, 2012

On May 1, 2012, this officer received the Monthly Treatment Report from Centerstone for April 2012. The report revealed that the defendant failed to report for two scheduled appointments in April and was not showing any insight related to synthetic marijuana use. He advised his counselor that he did not plan to continue treatment because he didn't think he had a problem and he felt unsafe due to another client reporting he (David Brown) gave him synthetic marijuana. When questioned about missing group treatment, Mr. Brown apologized and explained that he had to move both his family and his mother out of their respective homes that had been foreclosed and had contacted his counselor to let her know.

On June 5, 2012, this officer received an e-mail from Jennifer Reeves at Centerstone advising that she it was her recommendation that Mr. Brown be terminated unsuccessfully from drug treatment due to his disruptive behavior. She stated he was not responsive to therapeutic interventions, answered his cell phone during group sessions, wore sunglasses, and was combative in discussions. She reported that he was disruptive to other group members and it would not be beneficial to the group to allow him to continue with that behavior.

On June 6, 2012, this officer sent an e-mail to Mr. Brown advising him that he had been terminated from group counseling at Centerstone and did not need to attend any more sessions.

Regarding the positive urine screen submitted on June 13, 2012, while in the UA Room in the U.S. Probation Office, Mr. Brown very loudly stated he had not used the drug, but had been in the recording studio recently while others were smoking around him. He later asked to talk with SUSPO Putman privately in his office, where Mr. Brown admitted that he had taken one hit of synthetic marijuana two days prior in the recording studio.

Honorable Todd J. Campbell
Chief U.S. District Judge
Petition for Action on
David Darnell Brown
Case No. 3:11-CR-00051-01
June 19, 2012

**Respectfully Petitioning the Court as Follows**:

Due to his unsuccessful termination from drug treatment and his continued use of synthetic marijuana, Pretrial Services respectfully recommends that the Court issue an order for the defendant to appear in Court to show cause why his pretrial supervision should not be revoked. Assistant U.S. Attorney Blanche B. Cook was contacted and concurs with this recommendation.


Approved:

_____
William Burton Putman
Supervisory U.S. Probation Officer


xc:   Blanche B. Cook, Assistant U.S. Attorney
      Attorney Glenn R. Funk

UNITED STATES DISTRICT COURT

_____MIDDLE_____ District of _____TENNESSEE_____

United States of America

V.

**ORDER SETTING CONDITIONS OF RELEASE**

David Darnell Brown
_____
Defendant

Case Number: 3-11-00051

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1  The defendant shall not commit any offense in violation of federal, state or local law while on

(2)  The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence directed. The defendant shall appear at (if blank, to _____
                                                                                                                                       Place

_____ on _____
                                                Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )  The defendant promises to appear at all proceedings as required and to surrender for service of any

( ✔ )  The defendant executes an ~~un~~secured bond binding the ~~defendant~~ Bowling copy to pay the United States the
        ___100,000___                                                               dollars  ( _100,000_ )
        in the event of a failure to appear as required or to surrender as directed for service of any sentence



## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. *(only if above is an organization)* _____
who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____
*See attached*     Custodian or Proxy     Date

( ) (8) The defendant must:
( ✓ )(a) report to the **PTS** _____,
telephone number **615 736-5771**, no later than **as directed**.
( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
( ) (d) execute a bail bond with solvent sureties in the amount of $ _____
( ) (e) maintain or actively seek employment.
( ) (f) maintain or commence an education program.
( ) (g) surrender any passport to: _____
( ) (h) obtain no passport.
( ) (i) abide by the following restrictions on personal association, place of abode, or travel: _____
( ) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _____
( ) (k) undergo medical or psychiatric treatment: _____
( ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____
( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
 ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
 ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
 ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
( ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
 ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.

 ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
 ( ) (ii) Radio Frequency (RF) monitoring;
 ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
 ( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
 ( ) (v) Voice Recognition monitoring.

( ) (u) _____

## BOND CONDITIONS IF RELEASED

1) The defendant shall report to Pretrial Services as directed.
2) The defendant will submit an Itinerary to his Pretrial Services Officer for all travel outside the Middle District of Tennessee.
~~3) The defendant shall surrender any passport(s).~~  Secure a Corporate Bond in the
~~4) The defendant shall obtain no new passport.~~  amount of 100,000 $ 11 Mar 2011 to secure appearance.
5) Maintain verifiable employment.
6) No excessive use of alcohol.
7) Participate in an outpatient or inpatient drug treatment program as directed by Pretrial Services with any inpatient to be followed by 90 days in a halfway house.
8) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner.
9) The defendant shall submit to substance abuse testing which may include urinalysis testing, the wearing of a sweat patch, and breathalyzers.
10) The defendant shall not obstruct/tamper in any fashion with substance abuse testing.
11) The defendant shall report as soon as possible, and within 48 hours, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
12) The defendant shall refrain from the possession of firearms, ammunition, or dangerous weapons.
13) The defendant shall allow a Pretrial Services Officer to visit him at anytime at home or elsewhere and permit confiscation of any contraband observed in plain view.

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

    While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

    It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

X X X X X X X
*City and State*

## Directions to the United States Marshal

( ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 3/7/11

_____
*Judicial Officer's Signature*

Joe B. Brown, U.S. Magistrate Judge
*Printed name and title*

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

# BOND CONDITIONS IF RELEASED

1) The defendant shall report to Pretrial Services as directed.
2) The defendant will submit an Itinerary to his Pretrial Services Officer for all travel outside the Middle District of Tennessee.
3) ~~The defendant shall surrender any passport(s).~~
4) ~~The defendant shall obtain no new passport.~~
5) Maintain verifiable employment.
6) No excessive use of alcohol.
7) Participate in an outpatient or inpatient drug treatment program as directed by Pretrial Services with any inpatient to be followed by 90 days in a halfway house.
8) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner.
9) The defendant shall submit to substance abuse testing which may include urinalysis testing, the wearing of a sweat patch, and breathalyzers.
10) The defendant shall not obstruct/tamper in any fashion with substance abuse testing.
11) The defendant shall report as soon as possible, and within 48 hours, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
12) The defendant shall refrain from the possession of firearms, ammunition, or dangerous weapons.
13) The defendant shall allow a Pretrial Services Officer to visit him at anytime at home or elsewhere and permit confiscation of any contraband observed in plain view.

— ∆ will post $100,000 secured bond w/ court