# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. David D Brown    Docket No. 0650 3:11CR00051 - 1

### Petition for Action on Conditions of Pretrial Release

COMES NOW Lisa Capps, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant David D Brown who was placed under pretrial release supervision by the Honorable Joe B. Brown sitting in the Court at Nashville, Tennessee, on March 07, 2011, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

Lisa Capps [signature]    Nashville, TN    August 1, 2012
U.S. Pretrial Services Officer    Place:    Date:

Next Scheduled Court Event    **Voluntary Surrender**    August 13, 2012
                               Event                     Date

## PETITIONING THE COURT

☐ No Action                    ☒ To issue an order setting a hearing on the petition
☐ To Issue a Warrant           ☐ Other

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☒ A Hearing on the Petition is set for

Aug. 7, 2012    9:00 a.m.
Date              Time

Considered and ordered this 1 day of Aug, 2012, and ordered filed and made a part of the records in the above case.

[signature]
Honorable Todd J. Campbell
U. S. District Judge

Honorable Todd J. Campbell
U.S. District Judge
Petition for Action on
David Darnell Brown
Case No. 3:11-CR-00051-01
August 1, 2012

Mr. Brown appeared before U.S. Magistrate Judge Joe B. Brown for an Initial Appearance on March 7, 2011, and was released on a $100,000 bond with pretrial supervision and special conditions.

Mr. Brown appeared before Your Honor on July 13, 2012, and was sentenced to 18 months custody. He was given a voluntary surrender date of August 13, 2012, and was allowed to remain on bond pending the outcome of a urine screen submitted that day. Pretrial Services was directed to notify Your Honor of the results for that urine screen. A memo was submitted to Your Honor on July 23, 2012, advising that the urine screen had just been confirmed positive for synthetic marijuana.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: The defendant shall submit to substance abuse testing:** On July 13, 2012, and again on July 23, 2012, the defendant submitted urine screens which tested presumptive positive for synthetic marijuana.

**Current Status of Case:**

The defendant is scheduled to voluntarily surrender to the institution to begin his sentence on August 13, 2012.

**Probation Officer Action:**

The urine screen submitted on July 13, 2012, was sent to the Redwood Toxicology Laboratory in California for confirmation. It was returned on July 23, 2012, confirmed positive for synthetic marijuana.

Mr. Brown reported to the U.S. Probation Office on July 23, 2012, as his urine testing phase had been called. He submitted a urine specimen which again tested presumptive positive for synthetic marijuana. That urine specimen was also sent to the laboratory for confirmation. It was confirmed positive for synthetic marijuana on July 31, 2012. Mr. Brown continues to deny any use of synthetic marijuana.

Honorable Todd J. Campbell
U.S. District Judge
Petition for Action on
David Darnell Brown
Case No. 3:11-CR-00051-01
August 1, 2012

**Respectfully Petitioning the Court as Follows**:

Unless Your Honor believes it would be best to allow the defendant to voluntarily surrender on August 13, 2012, as previously ordered, Pretrial Services respectfully recommends that the Court issue an order for the defendant to appear in Court to show cause why his bond should not be revoked. Pretrial Services has advised the U. S. Attorney's Office of the defendant's acts of noncompliance.

Approved:

_____
William Burton Putman
Supervisory U.S. Probation Officer

xc:   Blanche B. Cook, Assistant U.S. Attorney
      Glenn R. Funk, Defense Counsel

UNITED STATES DISTRICT COURT

_____MIDDLE_____ District of _____TENNESSEE_____

United States of America

V.

**ORDER SETTING CONDITIONS OF RELEASE**

__David Darnell Brown__
Defendant

Case Number: 3-11-00051

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1  The defendant shall not commit any offense in violation of federal, state or local law while on

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence directed. The defendant shall appear at (if blank, to _____
Place

_____ on _____
                              Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) The defendant promises to appear at all proceedings as required and to surrender for service of any

( ✓ ) The defendant executes an ~~unsecured~~ bond binding the ~~defendant~~ Bowling County to pay the United States the __100,000__ dollars ( 100,000 ) in the event of a failure to appear as required or to surrender as directed for service of any sentence

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:

Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____ _____
                              Custodian or Proxy       Date

*See attached*

( ) (8) The defendant must:
(X) (a) report to the **PTS** _____
      telephone number **615 736-5771**, no later than **as directed**.
( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____
( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum _____
( ) (d) execute a bail bond with solvent sureties in the amount of $ _____
( ) (e) maintain or actively seek employment.
( ) (f) maintain or commence an education program.
( ) (g) surrender any passport to: _____
( ) (h) obtain no passport.
( ) (i) abide by the following restrictions on personal association, place of abode, or travel: _____
( ) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _____
( ) (k) undergo medical or psychiatric treatment: _____
( ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____
( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
    ( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
    ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
    ( ) (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
( ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
    ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
    ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
    ( ) (ii) Radio Frequency (RF) monitoring;
    ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
    ( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
    ( ) (v) Voice Recognition monitoring.
( ) (u) _____

3:11 cr-0005    USA v. David Drinell Brown

## BOND CONDITIONS IF RELEASED

1) The defendant shall report to Pretrial Services as directed.
2) The defendant will submit an Itinerary to his Pretrial Services Officer for all travel outside the Middle District of Tennessee.
3) ~~The defendant shall surrender any passport(s).~~    Secure a Corporate Bond in the
4) ~~The defendant shall obtain no new passport~~    amount of 100,000 by 11 Mar 2011
5) Maintain verifiable employment.    to secure appearance.
6) No excessive use of alcohol.
7) Participate in an outpatient or inpatient drug treatment program as directed by Pretrial Services with any inpatient to be followed by 90 days in a halfway house.
8) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner.
9) The defendant shall submit to substance abuse testing which may include urinalysis testing, the wearing of a sweat patch, and breathalyzers.
10) The defendant shall not obstruct/tamper in any fashion with substance abuse testing.
11) The defendant shall report as soon as possible, and within 48 hours, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
12) The defendant shall refrain from the possession of firearms, ammunition, or dangerous weapons.
13) The defendant shall allow a Pretrial Services Officer to visit him at anytime at home or elsewhere and permit confiscation of any contraband observed in plain view.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

X X X X X X X
City and State

### Directions to the United States Marshal

( ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 3/7/11

_____
Judicial Officer's Signature

Joe B. Brown, U.S. Magistrate Judge
Printed name and title

DISTRIBUTION: COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

## BOND CONDITIONS IF RELEASED

1) The defendant shall report to Pretrial Services as directed.
2) The defendant will submit an Itinerary to his Pretrial Services Officer for all travel outside the Middle District of Tennessee.
~~3) The defendant shall surrender any passport(s).~~
~~4) The defendant shall obtain no new passport.~~
5) Maintain verifiable employment.
6) No excessive use of alcohol.
7) Participate in an outpatient or inpatient drug treatment program as directed by Pretrial Services with any inpatient to be followed by 90 days in a halfway house.
8) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner.
9) The defendant shall submit to substance abuse testing which may include urinalysis testing, the wearing of a sweat patch, and breathalyzers.
10) The defendant shall not obstruct/tamper in any fashion with substance abuse testing.
11) The defendant shall report as soon as possible, and within 48 hours, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
12) The defendant shall refrain from the possession of firearms, ammunition, or dangerous weapons.
13) The defendant shall allow a Pretrial Services Officer to visit him at anytime at home or elsewhere and permit confiscation of any contraband observed in plain view.

— ∆ will post $100,000 secured bond w/ court